# ROTHMAN, SCHNEIDER, SOLOWAY & STERN, LLP

Attorneys at Law
100 Lafayette Street, Suite 501
New York, NY 10013

Franklin A. Rothman
Jeremy Schneider
Robert A. Soloway
David Stern

Rachel Perillo

Fax: (212) 571-5507
Tel: (212) 571-5500

April 14, 2020

By ECF and EMAIL

Hon. Frederick Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11223

          Re:  United States v. Chan a Hung
               19 Cr. 551 (FB)

Dear Judge Block:

        I write in reply to the government's letter of April 12, 2020
which opposes the defendant's request to advance the sentence to
the earliest possible date, and opposes the defendant's sentencing
request for imprisonment of time served (hereinafter "the Govt
Opposition").

        I will not repeat the arguments in support of sentence which
were set forth in the main defense submission.  The parties have
been heard, and nothing remains but for the Court to make its
decision.  Respectfully, the defense view is that given the
particular circumstances presented here, any sentence exceeding the
time already served is a sentence that would be greater than
necessary to achieve the goals of federal sentencing.[1]

---
[1]

18 U.S.C. § 3553(a), in pertinent part, states:

(a) **Factors To Be Considered in Imposing a Sentence**. The court shall impose
a sentence *sufficient, but not greater than necessary*, to comply with the
purposes set forth in paragraph (2) of this subsection. The court, in
determining the particular sentence to be imposed, shall consider --

(1) the nature and circumstances of the offense and the history and
characteristics of the defendant;

(2) the need for the sentence imposed --

        (A) to reflect the seriousness of the offense, to promote respect for
        the law, and to provide just punishment for the offense;

As to the application to advance sentence, the government cites two cases in opposition.[2]  One is Judge Irizarry's decision in *United States v. Harry*, 2020 WL 1528000, 19 Cr. 535 (E.D.N.Y. Mar. 31, 2020)(Irizarry, J.), in which the government correctly reports Judge Irizarry held that the defendant had failed to meet his burden of establishing that a delay in his sentence would do "serious harm to the interests of justice." *Harry*, 2020 WL 1528000 at * 2.  There are several factual similarities in *Harry* to the instant matter.  The case involved a 52 year old courier from Guyana who was credited with a four point minimal role reduction; had accepted responsibility for his offense; and had no prior involvement with the criminal justice system.  He also had a guideline sentencing range of 24-30 months, and a sentence recommendation of 18 months from United States Probation, sharing these features with Ms. Chan a Hung's case.

However, most significantly, and unlike the instant matter, no compelling family circumstances, including the fact that *both* parents of two children, one 11 years old and with an untreated and worsening medical problem, find themselves in federal jail for swallowing more than 700 grams of cocaine (Harry's drugs were in his suitcase), while their landlord is on the verge of evicting them from their home. Further, the positions set forth in Harry's sentencing submission prompted Judge Irizarry to write:

> Most notably, defense counsel's application, despite his representations to the contrary, is based on rather presumptuous assumptions that this Court would concur with his sentence recommendation of time served (approximately five months, which would be a substantial downward variance from the projected guidelines range of 24 to 30 months).

*Id.*

---

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). [Emphasis added].

[2]

I discuss only the case from the Eastern District of New York.  The other, *United States v. Jones*, 2020 WL 1644257 (D. Minn. April 2, 2020), is a firearms possession case in which the defendant argued his fear of contracting the COVID-19 virus in the county jail where he was being housed pre-sentence warranted advancing the sentence so that he could more quickly be placed in a federal facility to serve his time.  His application was denied where no instances at all of the illness had occurred at the county jail.

I do not wish to be presumptuous. Should this Court share Judge Irizarry's view that counsel's request for time served merits that label -- even if counsel conscientiously believes it to be the sentence the Court may select as most accurately comporting with the facts and law -- then I withdraw the motion to advance the date, for it serves no purpose whatsoever.  On the other hand, should a sentence of time served be among the possible or likely outcomes, then the position of the government that the standard for advancing the date has not been met is faulty.  If an individual will receive time served according to law, and the standard for advancing a sentence is to avert "serious harm to the interests of justice" that delay will engender, then a sentencing court *must* advance a sentencing date to prevent a defendant from serving more time in custody than the amount deemed "sufficient but not greater than necessary" by that Court. Indeed, "the interests of justice" by their very nature are that thing which a Court delivers when a matter for adjudication is decided. The Chan a Hung sentence is such a matter, and the interests of justice require that her sentence not be delayed even one day if it will cause her to spend one day in jail more than the Court finds is necessary pursuant to the § 3553(a) factors.

## CONCLUSION

For the reasons set forth herein, and in the defendant's main sentencing submission, it is respectfully requested that the sentence date in this matter be advanced to the earliest possible date, and that Ms. Chan a Hung be sentenced to a period of time served.

Respectfully submitted,

/s/

Robert A. Soloway

cc:  AUSA Devon Lash
     (by ECF and Email)

RAS:sc